UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JEFFREY B. NIX EL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 16-0443 (RC) |
| | : | | |
| v. | : | Re Document No.: | 6 |
| | : | | |
| INTERNAL REVENUE SERVICE, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT, TRANSFERRING CASE

### I. INTRODUCTION

*Pro se* plaintiff Jeffrey B. Nix El alleges that he has been improperly denied income tax refunds for 2011 and 2014 and seeks relief to the tune of more than $1.6 million in damages. Defendant, the Internal Revenue Service ("IRS"), moves to dismiss Mr. Nix El's complaint on the grounds that, among other issues, venue is improper. The Court agrees with Defendant that venue is improper and transfers the case to the United States District Court for the District of Maryland.

### II. BACKGROUND[1]

In his complaint, Mr. Nix El alleges that the IRS impermissibly denied or rescinded his tax refunds for 2011 and 2014. *See generally* Compl., ECF No. 1. With regard to the 2011

---

[1] For the purposes of resolving this motion, the Court accepts the facts set forth by Mr. Nix El. *See Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002) (holding that the court should use "the plaintiff's well-pled factual allegations" and "draw[] all reasonable

refund, Mr. Nix El claims that he submitted his 2011 amended tax return on December 9, 2014, but never received the refund to which he was entitled. Compl. ¶ 5; *see also* Pl.'s Ex. A. According to Mr. Nix El, he sent a letter on August 18, 2015 to several employees at the IRS inquiring about the status of his refund and received a computer-generated acknowledgement, but no substantive response. Compl. ¶¶ 5–6; *see also* Pl.'s Ex. B.

As to the 2014 refund, Mr. Nix El contends that the refund was electronically deposited into his bank account on June 19, 2015, but was "sent back" on July 1, 2015 by his credit union without his consent based on instructions from the IRS. Compl. ¶ 7. According to Mr. Nix El, he sent a letter asking for information on his refund to the IRS and several individuals,[2] but did not receive a reply. *See* Compl. ¶ 7; *see also* Pl.'s Ex. C. Mr. Nix El states that he separately received a letter from the U.S. Treasury Inspector General for Tax Administration discussing an open investigation of IRS employees for potential misconduct. Compl. ¶ 7. Mr. Nix El states that he has received no further information as to the progress or results of this investigation. Compl. ¶ 8.

Mr. Nix El filed the instant complaint on March 7, 2016, seeking recovery under three causes of action: first, violations of international treaties and the United States Constitution; second, violations of IRS employee's oaths of office; and third, breach of fiduciary duty. Compl. at 4–6. In his complaint, Mr. Nix El requests "actual, compensatory, and punitive damages" as well as injunctive relief. *See* Compl. ¶ 1.

---

inferences from those allegations in the plaintiff's favor" in resolving 12(b)(3) motions to dismiss for improper venue).

[2] Mr. Nix El asserts he sent a copy of this letter to William J. Wilkins, Christopher Sterner, Loretta E. Lynch, the IRS Oversight Board, and the United States Treasury Inspector General for Tax Administration. Compl. ¶ 7.

Defendant filed the instant motion to dismiss arguing, *inter alia*, that venue is improper in this district and that Mr. Nix El's claims are so flawed that this Court should dismiss the case. *See generally* Mot. Dismiss, ECF No. 6. On August 1, 2016, Mr. Nix El filed his Opposition to Defendant's Motion to Dismiss, responding to Defendant's arguments and claiming that he has presented sufficiently stated claims in his complaint. *See generally* Pl.'s Opp'n, ECF No. 8.[3]

### III.  ANALYSIS

The IRS argues that the complaint is defective because the United States, rather than the IRS, is the proper defendant for such challenges to tax liability.  The Court agrees. 26 U.S.C. § 7422 provides an avenue for filing civil suits for a tax refund, but requires that such a suit "be maintained only against the United States." 26 U.S.C. § 7422(f)(1) (2012). This conclusion is supported by other courts in this jurisdiction, which have concluded that the United States is the proper defendant for civil actions based on the unauthorized collection of taxes (26 U.S.C. § 7433) or the wrongful failure to release a tax lien (26 U.S.C. § 7432).  *See Laukus v. United States*, 691 F. Supp. 2d 119, 132 (D.D.C. 2010) (holding that the United States, and not the IRS, is the proper defendant for tax claims because the IRS cannot be sued *eo nomine* [by that name]), *aff'd*, 442 F. App'x 570 (D.C. Cir. 2011).  The Court thus concludes that the United States, and not the IRS, is the proper defendant of an action for a tax refund and for the unauthorized collection of taxes (to the extent that Plaintiff's claims about the removal of funds from his bank account are characterized as such).

---

[3] Citations to Mr. Nix El's opposition refer to the page numbers generated by ECF.

Although Mr. Nix El's original complaint names the IRS as the sole defendant, Compl., Mr. Nix El's reply suggests amending the complaint to add the United States as a defendant.[4] *See* Pl.'s Opp'n at 5 ("If it pleases the Court, the Complaint can be amended to include: The Commissioner of Internal Revenue, United States of America and the United States Attorney General's Office."). As the Court construes a *pro se* plaintiff's filings leniently, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court interprets this as a request to amend the complaint to name the United States as a defendant.[5] A party may amend its pleading with leave of the court, which the court "should freely give . . . when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Here, the Court grants leave to amend the complaint to name the United States as a defendant because such an amendment will serve the interests of justice by allowing Mr. Nix El's claims to be resolved more substantively and will not prejudice Defendant because the proceedings are still at an early stage.

In addition to granting leave to amend, the Court will also dismiss the claims against the IRS. Unlike the United States, Congress has not waived the sovereign immunity of the IRS for this type of suit and it is not a proper defendant. *See Laukus*, 691 F. Supp. 2d at 132; *Spahr v. United States*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) (noting that the IRS's sovereign immunity has only been waived for a very limited set of claims related to the *collection* of income taxes, and not for any other purposes); *see also Blackmar v. Guerre*, 342 U.S. 512, 514–15 (1952)

---

[4] This statement is somewhat contradictory to other assertions he makes, such as that the IRS is not actually a government agency. *See* Pl.'s Opp'n at 9, 10 n.11 (stating that "[t]he IRS is domiciled in Puerto Rico and is thereby excluded from the definition of federal agencies" and "the Bureau of Internal Revenue/IRS was never created by Congress").

[5] Given the previous discussion concluding that the United States is the only proper defendant for a tax refund suit, it does *not* please the Court to grant leave to amend the complaint to include the Commissioner of Internal Revenue or the United States Attorney General's Office.

4

(stating that U.S. executive departments and agencies may only be sued in their own name if authorized by Congress).

Having addressed the question of the proper defendant, the Court now turns to Defendant's claims regarding venue. As Defendant argues, the federal district courts are granted jurisdiction over suits—like this one—for tax refunds by 28 U.S.C. § 1346:

> The district courts shall have original jurisdiction . . . of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346 (2012). The venue of these suits is proper "in the judicial district where the plaintiff resides." 28 U.S.C. § 1402 (2012). *See Scott v. United States*, 449 F.2d 1291, 1292 (8th Cir. 1971) ("It is clear that suits for refund of income taxes may be filed only against the United States and that venue must be laid in the judicial district in which the individual bringing the action resides." (citing 26 U.S.C. § 7422(f))).

Mr. Nix El argues only cursorily that venue is proper in this district. First, he states that "[t]he U.S. Attorney General's Office has already been served a copy of the Summons and Complaint," Pl.'s Opp'n at 5, however, service does not establish venue. Second, he provides a difficult to decipher citation to a case apparently dealing with 28 U.S.C. § 1391. Pl.'s Opp'n at 5. Section 1391 is the general venue statute, and is distinct from the venue provision in 28 U.S.C. § 1402 that governs venue for tax refund suits against the United States. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply."); *see also* 28 U.S.C. § 1391 (noting that it sets venue "[e]xcept as otherwise provided by

law"). The Court thus agrees with Defendants that venue of Mr. Nix El's suit against the United States for a tax refund is proper only in the district where Mr. Nix El resides.

Mr. Nix El resides in Bowie, Maryland, Civil Cover Sheet, ECF No. 1-2, making the District Court for the District of Maryland the proper venue for this action. When venue is improper, the court may either dismiss the action or transfer it to the appropriate district "if it be in the interest of justice." 28 U.S.C. § 1406(a). This choice lies within the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). In general, the interest of justice requires transferring cases to the correct venue. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). *But see Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (finding that a district court did not abuse its discretion by dismissing claims with "substantive problems"). Here, although the majority of Plaintiff's claims will not survive a motion to dismiss, the gravamen of his complaint involves his claim that the United States wrongfully withheld his tax refund to which he is entitled.[6] Accordingly, the Court finds that the interest of justice will be best served by transferring the case to the District of Maryland. The remaining bases asserted in the Motion to Dismiss will be best left to be decided by the District Court in Maryland subsequent to transfer.

---

[6] Mr. Nix El's complaint asserts a potpourri of causes of action, including a violation of the Universal Declaration of Human Rights; breach of contract by the IRS in violation of Article I, Section 10 of the Constitution; the seizure of funds without a warrant in violation of the Fourth and Fifth Amendments to the Constitution; unspecified violations of the Fifth, Thirteenth, Fourteenth, and Sixteenth Amendments to the Constitution; unspecified violations of Article I, Section 9, Clause 3 of the Constitution; violations of the oaths of office of IRS officials under 5 U.S.C. § 3331; and violations of the IRS's fiduciary duty. *See generally*, Compl.

Its eccentricities aside, the nucleus of Mr. Nix El's complaint alleges that the IRS wrongfully withheld Mr. Nix El's tax refunds. This claim is easily cognizable within 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(i). The interest of justice would therefore be better served by allowing the District of Maryland to consider Mr. Nix El's claims.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Nix El is granted leave to amend his complaint, the United States shall be substituted as the sole defendant in this matter, and the case is transferred to the District of Maryland.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  February 10, 2017 　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge